# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYLER HACKENTHAL,      )
Y31706,                      )
                               )
         Plaintiff,     )
                               )
vs.                       )
                               )    Case No. 25-cv-414-DWD
JANE DOE 1,             )
JANE DOE 2,             )
JANE DOE NURSE PRACTITIONER,  )
                               )
        Defendants.    )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Tyler Hackenthal, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center (Pinckneyville), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights (Doc. 1). Specifically, Plaintiff claims that despite making a proper medication refill request, he was forced to endure approximately 52 days without his blood pressure medication. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §

1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Between January 9 and 13, 2025, Plaintiff properly tendered a medication refill sticker so that he would receive a timely refill of his blood pressure medication (Lisinopril).  (Doc. 1 at 3).  Just shy of a week after submitting his request, Plaintiff had just one dose left, so he asked the nurse who had accepted his refill request about its status.  The nurse verified that it had been properly processed, however, the next day Plaintiff did not receive his refill.  Within a few days of running out of medication, Plaintiff began to experience chest pain, blurry vision, fatigue, and light-headedness.  The symptoms intensified over time.

Within a few days of symptoms forming, Plaintiff asked Jane Doe 1 about his prescription during med-line and explained his symptoms without the medication.  Jane Doe 1 promised to return, but did not return that day.  On the same day, Plaintiff informed Jane Doe 2 of the same situation, and she merely advised Plaintiff to lay down and rest.  Over the course of the next week, Plaintiff repeatedly asked Jane Does 1 and 2 for help, but the ignored him.  After about two weeks without medication, Plaintiff asked an officer for assistance.  The sergeant called the medical unit, spoke to Jane Doe nurse practitioner, and relayed to Plaintiff that she said she did not have time to attend to his needs.  She merely advised he lay down and rest.

On March 8 and 9, 2025, still without medication, Plaintiff attempted to report his issue to additional medical staff to no avail.  He alleges that he ultimately went about 52

days without proper medication for his hypertension.  He claims that his family's history of heart disease is well-documented in his medical chart, and that the lapse in medication caused immediate symptoms and put him at risk for greater harm in the future. (Doc. 1 at 5).

Plaintiff seeks monetary compensation.

Based on the foregoing allegations, the Court designates the following claims:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Jane Does 1-2 and Jane Doe Nurse Practitioner for failing to address Plaintiff's lack of medication, leaving him without his Lisinopril medication for approximately 52 days from January to March of 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.**  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010).  A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard).  *Id.*  To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to

inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Specifically with regard to claims about missed doses of medication, an inmate needs to demonstrate some form of harm directly linked to the missed dose. *See e.g.*, *Hamilton v. Gavin*, 2023 WL 2161663, at *6-7 (N.D. Ill. Feb. 22, 2023) (collecting cases concerning missed doses of medication, generally one dose is not enough to state a claim), *but see e.g.*, *Fields v. Miller*, 2021 WL 1400907, at *1-2 (E.D. Wisc. Apr. 14, 2021) (collecting cases on a missed dose of medication and finding that a single missed dose without any adverse effect was not sufficient to state a claim); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (a delay in treatment must also cause prolonged suffering or a discrete injury to state a claim).

Here, Plaintiff alleges that he missed much more than a single dose of medication, and he also describes associated symptoms that started just days after he ran out of medication and persisted until he got a refill. He claims he reported these issues to each Defendant either in person or via staff, and they ignored his problem or refused to help. These allegations are sufficient to sustain claim 1.

The Court will add the Warden of Pinckneyville to this case in official capacity to help identify the Jane Does. Plaintiff should provide as much descriptive information as he can to assist in this process.

D<small>ISPOSITION</small>

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Jane Does 1-2 and Jane Doe Nurse Practitioner.  **The Clerk of Court is DIRECTED to ADD the Warden of Pinckneyville to this case in official capacity to help identify the Jane Does.**

<u>**Plaintiff must file a notice within 21 days**</u> providing as much descriptive information as possible about Jane Does 1-2 and Jane Doe Nurse Practitioner, including a physical description, any known nicknames, shift assignment information, or any other information he has.  Once the information is filed by Plaintiff, the Court will set deadlines for the Warden to provide responsive information and for Plaintiff to substitute named parties.  Plaintiff's failure to participate in this process could result in the dismissal of this case.

The Clerk of Court is **DIRECTED** to prepare for the Warden of Pinckneyville (in official capacity only to identify Jane Does): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order. **The Warden of Pinckneyville need not file an answer because he or she has only been added to assist with Jane Doe identification.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court **shall enter** the standard HIPAA protective order.

**IT IS SO ORDERED.**

Dated: May 5, 2025

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.