**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TYLER HACKETHAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-00414-GCS** |
| | ) | |
| **TIFFANY PHILLIPS, SUSAN SCHNIERS, BOBBY PLUM,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Tyler Hackethal, an inmate of the Illinois Department of Corrections ("IDOC"),[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1). Pending before the Court is a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies by Defendant Tiffany Phillips and joined by Defendants Susan Schniers and Bob Blum.[2] (Doc. 55, Doc. 61, Doc. 62). For the reasons explained below, the Court **GRANTS** the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies.

[1] Hackethal is currently incarcerated at Graham Correctional Center. (Doc. 63)

[2] While Defendant Blum is listed as "Bobby Plum" on the docket, his filings indicate that his name is Bob Blum. (Doc. 38, Doc. 41). The Court will refer to him as Bob Blum in this Memorandum & Order.

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on March 27, 2025. (Doc. 1). He alleged that between January 9 and January 13, 2025, Plaintiff submitted a medication refill sticker for his blood pressure medication. (Doc. 1, p. 3). Nearly a week later, Plaintiff had only one dose left and had not received a refill, so he asked the nurse to whom he had submitted the sticker about its status. *Id*. The nurse confirmed that Plaintiff had not received a refill and placed him on the medical call list for the next day. *Id*. Nonetheless, Plaintiff did not receive a refill the next day or in the days that followed. *Id*. Within a few days of running out of medication, Plaintiff experienced chest pain, blurry vision, fatigue, and lightheadedness. *Id*. Soon after, Plaintiff explained his symptoms to Defendant Phillips and asked her about his prescription. *Id.* at p. 3-4. Defendant Phillips promised that she would come back, but she did not do so. *Id*. at p. 4. On the same day, Plaintiff told Defendant Schniers the same thing that he had told Defendant Phillips, *i.e.*, he was out of medication and suffering from symptoms. *Id*. Defendant Phillips told him to lie down. *Id*.

Plaintiff's symptoms worsened over the next week. (Doc. 1, p. 4). He continued to ask Defendants Phillips and Schniers for help, but they did nothing. *Id.* Ultimately, Plaintiff alleges he went fifty-two days without medication. *Id.* at p. 5. The lapses in medication caused him immediate harm and increased his risk of medical harm in the future. *Id*. at p. 6.

Based on the above allegations, the Court allowed Plaintiff to proceed on the following claim:

**Count 1: Eighth Amendment deliberate indifference claim against Jane Does 1-2 and Jane Doe Nurse Practitioner for failing to address Plaintiff's lack of medication, leaving him without his Lisinopril medication for approximately 52 days from January to March of 2025.**

(Doc. 10, p. 3, 5).

On February 16, 2026, Defendant Phillips filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 55). Plaintiff filed a response on March 12, 2026. (Doc. 59). Defendants Schniers and Blum sought to join Defendant Phillips' Motion. (Doc. 56). The Court denied this motion because Defendants Schniers and Blum had previously withdrawn the affirmative defense of exhaustion of administrative remedies and could not reassert it without moving for leave to file an amended answer. (Doc. 49, Doc. 60). Defendants Schniers and Blum subsequently moved for leave to file an amended answer and to join Defendant Phillips's Motion for Summary Judgment. (Doc. 61). The Court granted both motions. (Doc. 62). Accordingly, the issue of exhaustion is now ripe for the Court's review.

## FACTUAL BACKGROUND

The parties have limited their discussion of Plaintiff's grievance record to one grievance and its subsequent appeal to the Administrative Review Board ("ARB"). (Doc. 55, p. 7; Doc. 59, p. 1-2). The Court's discussion is therefore limited to this grievance.

### A. Grievance No. K59-0225-888

Plaintiff submitted Grievance No. K59-0225-888 to the Counselor at Pinckneyville on February 24, 2025, marking it as an emergency. (Doc. 55-1, p. 4). Plaintiff complained

that he turned in a refill sticker for his blood pressure medication in early January 2025 but had not received a refill more than a month later. *Id.*

On February 28, 2025, the Chief Administrative Officer ("CAO") determined that the grievance was an emergency and expedited the grievance process. (Doc. 55-1, p. 4). On March 17, 2025, a Grievance Officer reviewed the grievance and recommended that the grievance be denied. *Id*. at p. 3. The next day, the CAO concurred with the recommendation. *Id*. Plaintiff then appealed the grievance to the ARB. *Id*. The ARB received Plaintiff's appeal on March 24, 2025, and denied the appeal three weeks later, on April 15, 2025. (Doc. 55-1, p. 2; Doc. 59, p. 1, 4).

## LEGAL STANDARDS

Summary judgment is proper when a moving party cannot establish the presence of a genuine dispute of material fact. *See* FED. R. CIV. PROC. 56(a). To survive a motion for summary judgment, the non-moving party must provide admissible evidence which would allow a reasonable jury to find in his or her favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). Generally, the Court's role is to determine whether a genuine issue of material fact exists rather than evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter when determining the outcome of such a motion. *See National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

However, in *Pavey v. Conley*, the Seventh Circuit held that, "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. 544 F.3d 739, 740-

741 (7th Cir. 2008). Therefore, the Court must determine whether an inmate has exhausted his or her remedies when the affirmative defense of non-exhaustion is raised. If the court finds that the inmate failed to exhaust administrative remedies, then the inmate is given the opportunity to exhaust should time still permit or if the failure to exhaust was innocent. *Id.* at 742. If the court determines that the failure to exhaust was the inmate's fault, then the case is over. *Id.*

Under the Prison Litigation Reform Act ("PLRA"), which governs lawsuits filed by inmates, "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This coincides with the PLRA's statutory purpose of "afford[ing] correction officials [the] time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). It affords prison administrators an opportunity to fix the problem, reduce damages, and shed light on the factual disputes that may arise in litigation. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

Inmates must follow their prison's administrative rules when attempting to exhaust administrative remedies under the PLRA. *See Pozo*, 286 F.3d at 1023. Hackethal is an inmate in the IDOC and is required to follow the regulations contained in the IDOC's Grievance Procedures to exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq.* The Seventh Circuit requires strict adherence to a prison's grievance procedures to satisfy the

requirements for exhaustion under the PLRA. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement cannot be satisfied if an inmate files untimely or procedurally defective grievances. *See Woodford*, 548 U.S. at 83. Additionally, an inmate must correctly complete all the steps outlined in the grievance procedures and is barred from filing suit prior to any step being completed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); 42 U.S.C. § 1997e(a). If an inmate fails to complete all the steps correctly to exhaust his claim, then "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. However, inmates are not required to exhaust administrative remedies that are unavailable to them which can occur if, "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The IDOC Grievance Procedures require that an inmate first file a grievance with a counselor at their correctional institution within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The Grievance must include, "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." *See* 20 ILL. ADMIN. CODE § 504.810(c). If the inmate is unsatisfied with the counselor's response, then the inmate can submit a formal grievance to the prison's grievance officer. *Id.* at (a)-(b). The grievance officer must then review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). Within 60 days of the receipt of the grievance, the grievance officer must report their findings and

recommendations in writing to the CAO. *See* 20 ILL. ADMIN. CODE § 504.830(e). The CAO will then review the findings and recommendations and offer a written decision to the inmate. *Id*. The inmate can appeal the CAO's decision to the ARB within 30 days. *See* 20 ILL. ADMIN. CODE § 504.850(a). To do this correctly, the inmate is required to attach copies of the grievance officer's report and the CAO's decision to his appeal. *Id*. The ARB then submits its findings and recommendations to the Director who will issue the IDOC's final decision within six months. *See* 20 ILL. ADMIN. CODE § 504.850(d)-(e).

## DISCUSSION

Defendants are entitled to summary judgment because Plaintiff filed this suit before fully exhausting his administrative remedies. Exhaustion of administrative is a precondition to filing a suit under the PLRA. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534 (7th Cir. 1999). "A prisoner must exhaust administrative remedies before filing suit: a 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). *See also Perez,* 182 F.3d at 535 (stating that "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

Where a prisoner files suit before he has exhausted administrative remedies, the case must be dismissed without prejudice. *See Chambers*, 956 F.3d at 984. The prisoner can file a new suit once he has fully exhausted administrative remedies, provided that it is possible for him to do so. *Id*. Here, the record indisputably shows that Plaintiff filed suit after appealing his grievance to the ARB, but before the ARB decided the appeal.

Plaintiff's complaint is dated March 27, 2025. (Doc. 1, p. 1). The ARB decision that is attached to both the Motion for Summary Judgment and Plaintiff's response is dated April 15, 2025. (Doc. 55-1, p. 2; Doc. 59, p. 4). Plaintiff himself says that he filed this suit only three days after the ARB received his appeal. (Doc. 59, p. 1). Because Plaintiff filed suit before he had fully exhausted his administrative remedies, Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons outlined above, Defendants' Motion for Summary Judgment is **GRANTED**. (Doc. 55). The Court **DISMISSES** the case without prejudice.

**IT IS SO ORDERED.**

**DATED: August 14, 2026.**

Digitally signed by Judge Sison
Date: 2026.08.14 13:09:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**